IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO CLARK #223067, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:24-CV-00870 ) |
| ADAM D. CRUTHER, *et al.*, | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE ) FRENSLEY |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Antonio Clark, a pretrial detainee in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee, has filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A. Before the Court proceeds with the required PLRA screening, the Court must address the filing fee and the motions filed by Plaintiff.

### I. FILING FEE

Plaintiff has filed an Application for Leave to Proceed In Forma Pauperis ("IFP Application"). (Doc. No. 2). Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). From a review of Plaintiff's IFP Application, it appears that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his Application (Doc. No. 2) is **GRANTED**.

1

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Memorandum Opinion and Order to the administrator of inmate trust fund accounts at the Davidson County Sheriff's Office to

ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Memorandum Opinion and Order follows Plaintiff to his new place of confinement for continued compliance.

## II. MOTIONS

Plaintiff has filed a Motion to Suppress (Doc. No. 3), Motion to Suppress Discovery Evidence (Doc. No. 6), Motion for Miscellaneous Relief (Doc. No. 7), and Motion for Hearing, to Suppress Discovery, and to Dismiss (Doc. No. 8).

To the extent that Plaintiff's motions ask the Court to intervene in pending state criminal proceedings against the Plaintiff, the law is well-settled that a federal court should not interfere with pending state court criminal proceedings, absent the threat of "great and immediate" irreparable injury. *Younger v. Harris*, 401 U.S. 37, 46 (1971). The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. 401 U.S. at 44. The doctrine is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir.1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state judicial proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, one or more state criminal prosecutions of Plaintiff appear to be underway. Second, there can be no doubt that state criminal proceedings implicate important state interests. *See, e.g., Cooper v. Parrish,* 203 F.3d 937, 954 (6th Cir. 2000). Third, while Plaintiff may believe that the state court is violating his rights, Plaintiff does not allege that the state court has refused or would refuse to consider Plaintiff's constitutional claims; thus, presumably the state court proceedings provide an adequate forum in which Plaintiff can raise any constitutional challenges. If Plaintiff raises his constitutional challenges in state court and the trial court denies or otherwise fails to consider his constitutional claims, Plaintiff may exercise his right to an appeal under Tennessee law. Plaintiff also may oblige himself of state post-conviction proceedings in the event he is convicted of the charged offense(s).

There are exceptions to the *Younger* doctrine: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd*., 420 U.S. 592, 611; (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986). To overcome the bar of *Younger* abstention, a plaintiff must do more than set forth mere allegations of bad faith or harassment. *See Amanatullah v. Colorado Bd. of Med. Examiners*, 187 F.3d 1160, 1165 (10th Cir.1 999) (citing *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997)).

The burden on a plaintiff is high, and the allegations of the instant complaint do not suggest that any exception to the *Younger* doctrine is warranted in this case. Plaintiff's motions (Doc. Nos. 3, 6, 7, 8) therefore will be denied.

To the extent Plaintiff's motions seek a hearing before this Court prior to the required PLRA screening, the motions will be denied.

## III. SCREENING OF THE COMPLAINT

A. <u>PLRA SCREENING STANDARD</u>

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

B. <u>SECTION 1983 STANDARD</u>

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

C. <u>ALLEGED FACTS</u>

The allegations of the complaint are assumed true for purposes of the required PLRA screening.

The complaint alleges that on May 27, 2022, Plaintiff was arrested without probable cause by Defendants during "Operation Drug Bust." (Doc. No. 1 at PageID# 5). Plaintiff was "harassed and assaulted" for three to four hours. (*Id*.) As best the Court can ascertain, Plaintiff's underlying state court criminal proceedings are ongoing.

D. <u>ANALYSIS</u>

First, the complaint alleges false arrest and false imprisonment claims against three officers in their individual and official capacities. (Doc. No. 1 at Page ID# 1-2).

As a threshold matter, Plaintiff's claims under Section 1983 for false arrest and false imprisonment are the same, as the alleged false imprisonment arises out of the alleged false arrest. *Gumble v. Waterford Township*, 171 F. App'x 502, 507 (6th Cir. 2006) (false arrest and false imprisonment claims are functionally the same and the court applies the same analysis to both claims); *Walker v. Schaeffer*, 854 F.2d 138, 142 (6th Cir. 1988). Accordingly, the Court's analysis of Plaintiff's false arrest claims also encompasses his false imprisonment claims. *Id*.

6

District courts apply state statutes of limitations to claims under 42 U.S.C. § 1983. *Harris v. United States*, 422 F.3d 322, 331 (6th Cir. 2005). Tennessee applies a one-year statute of limitations to Section 1983 actions. *Zundel v. Holder*, 687 F.3d 271, 281 (6th Cir. 2012); Tenn. Code Ann. § 28-3-104(a)(1). However, federal law determines "[t]he date on which the statute of limitations begins to run in a § 1983 action." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007) (citing *Kuhnle Bros., Inc. v. Cty. of Geauga*, 103 F.3d 516, 520 (6th Cir. 1997)). For claims of false arrest and false imprisonment, the statute of limitations begins to run at the time the plaintiff becomes detained pursuant to legal process—when he is bound over by a magistrate or arraigned on the charges. *Wallace v. Kato*, 549 U.S. 384, 390, 397 (2007).

The Court does not have sufficient information to determine whether Plaintiff's Section 1983 claims are barred by the statute of limitations. While it appears that the claims are time barred because the complaint was filed more than one year after Plaintiff's arrest, the statute of limitations began to run when Plaintiff was detained pursuant to legal process. *Wallace*, 549 U.S. at 397. The complaint contains no information concerning when legal process was initiated against Plaintiff, specifically when he was bound over by a magistrate or arraigned on the charge(s) at issue. Consequently, the Court cannot determine for purposes of the required PLRA screening when the statute of limitations began to run on Plaintiff's Section 1983 claims.

The Fourth Amendment requires that a law enforcement official have probable cause for an arrest. U.S. Const. amend. IV. The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of*

7

*Olmsted*, 496 F.3d 609, 614-15 (6th Cir. 2007) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The probable cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir. 2000).

"When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to Section 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant if the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Deyton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v. Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). In the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire*, 205 F.3d 303, 328.

Here, the complaint alleges only that the arresting officers "lack[ed] probable cause [because] drug bust no handtranation [sic], no marked money, no drug was . . . found." (Doc. No. 1 at PageID# 5). There is no information in the complaint concerning why these officers approached Plaintiff in the first place, what circumstances the officers encountered upon their arrival, and whether the officers arrived with an arrest warrant or obtained one after Plaintiff's arrest. As to these officers' states of mind while arresting Plaintiff, the complaint contains no

8

Case 3:24-cv-00870    Document 9    Filed 01/17/25    Page 8 of 11 PageID #: 40

allegations. The complaint does not allege that these officers knowingly presented false evidence to a court that resulted in wrongful charges against Plaintiff.

The Court finds that, because the complaint does not allege with any particularity that there were untrue factual assertions in an arrest warrant affidavit sworn out by any named Defendant after Plaintiff already had been taken into custody or that any named Defendant knowingly presented false testimony or evidence to a court that resulted in wrongful charges against Plaintiff, the complaint fails to state a false arrest claim against the Defendant officers in their individual capacities. These claims will be dismissed.

Turning to Plaintiff's official capacity claims against the arresting officers, an official capacity suit is, in all respects other than the name, to be treated as a suit against the entity. *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009). The complaint alleges that Defendants are employees of the "Metropolitan Police Department Davidson County." (Doc. No. 1 at PageID# 2). A suit against employees of that police department is a suit against the Metropolitan Government of Nashville and Davidson County ("Metro"). *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)) ("[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent."). To state a claim against Metro, the plaintiff must allege that his "'constitutional rights were violated and that a policy or custom' of [Metro] 'was the moving force behind the deprivation of [his] rights." *Savoie v. Martin*, 673 F.3d 488, 494 (6th Cir. 2012) (quoting *Miller v. Sanilac Cnty.*, 606 F.3d 240, 255 (6th Cir. 2010)).

Here, the allegations of the complaint are insufficient to state a claim for municipal liability against Metro under Section 1983. The complaint does not identify or describe any of Metro's policies, procedures, practices, or customs relating to the incidents at issue; the

9

complaint does not identify any particular shortcomings in training or supervision or how those shortcomings caused the alleged violations of Plaintiff's rights; and it does not identify any other previous instances of similar violations that would have put Metro on notice of a problem. *See Okolo v. Metro. Gov't of Nashville*, 892 F. Supp.2d 931, 944 (M.D. Tenn. 2012); *Hutchison v. Metro. Gov't of Nashville*, 685 F. Supp.2d 747, 751 (M.D. Tenn. 2010); *Johnson v. Metro. Gov't of Nashville*, No. 3:10-cv-0589, 2010 WL 3619790, at **2-3 (M.D. Tenn. Sept. 13, 2010). Accordingly, the court finds that the complaint does not contain sufficient allegations to state a claim for municipal liability against Metro. Plaintiff's claims against the Defendant arresting officers in their official capacities therefore must be dismissed.

Finally, Plaintiff alleges malicious prosecution claims under Section 1983 against prosecutor Adam D. Crutcher. Under federal law, a plaintiff must prove four elements to establish a malicious prosecution claim: (1) a criminal prosecution was initiated against the plaintiff, and the defendant made, influenced, or participated in the prosecution decision; (2) there was no probable cause to support the charges; (3) as a result of the legal proceedings, the plaintiff suffered a deprivation of liberty apart from the initial seizure; and (4) the criminal proceedings ended without a conviction. *Thompson v. Clark*, 596 U.S. 36 (2022); *Miller v. Maddox*, 866 F.3d 386, 389 (6th Cir. 2017); *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).

Here, Plaintiff fails to state a colorable malicious prosecution claim under the Fourth Amendment because he does not allege that the criminal proceedings arising from his 2023 arrest ended without a conviction. Instead, it appears that Plaintiff's state law criminal proceedings are ongoing. "[A] claim based on the wrongfulness of Plaintiff's continued detention cannot be brought while the underlying criminal prosecution is ongoing, as the favorable termination of the

prosecution is an element of the malicious-prosecution claim." *Sykes v*, 625 F.3d 294, 309 (citing *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) ("One element that must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.")); *see King v. Harwood*, 852 F.3d 568, 578-79 (6th Cir. 2017) (finding that, unlike claims for false arrest or false imprisonment, "a malicious-prosecution claim is not available before the favorable termination of criminal proceedings, nor does the limitations period for such a claim begin until the favorable termination of criminal proceedings"). Plaintiff's malicious prosecution claims therefore fail to state claims under Section 1983 upon which relief can be granted, and those claims will be dismissed.

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's Motion to Suppress (Doc. No. 3), Motion to Suppress Discovery Evidence (Doc. No. 6), Motion for Miscellaneous Relief (Doc. No. 7), and Motion for Hearing, to Suppress Discovery, and to Dismiss (Doc. No. 8) are **DENIED**.

Further, the Court has screened the prisoner complaint pursuant to the PLRA and finds that the complaint fails to state colorable claims under Section 1983 against all named Defendants. Accordingly, this action is **DISMISSED**.

Because an appeal would not be taken in good faith, Plaintiff is not certified to pursue an appeal from this judgment in forma pauperis. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE